The Honorable Timothy W. Dore
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

JIRI TRESL,

Debtor.

Case No. 22-10231-TWD

MCCLELLAN BUILDING LLC,

Plaintiff,

v.

JIRI TRESL,

Defendant.

Adv. Proc. No. _____

**COMPLAINT FOR A DETERMINATION EXCEPTING DEBT FROM DISCHARGE**

Plaintiff, McClellan Building LLC, by and through its undersigned attorneys, for its causes of action against the above defendant, states, claims, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an adversary proceeding by creditor McClellan Building LLC ("**Plaintiff**" or "**McClellan Building**") for a determination excepting a debt under section 523(a)(2) owed by Jiri Tresl, the Debtor ("**Defendant**" or the "**Debtor**"), to Plaintiff, from discharge pursuant to section 523(c)(1) of the Bankruptcy Code and Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

COMPLAINT FOR A DETERMINATION
EXCEPTING DEBT FROM DISCHARGE - 1

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper in this district under 28 U.S.C. § 1409(a). This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district (Case No. 22-10231-TWD).

4. This adversary proceeding is commenced pursuant to section 523(c) of the Bankruptcy Code and Bankruptcy Rules 4007 and 7001(6).

5. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

6. Plaintiff is the holder of a secured claim against the Debtor.

7. Plaintiff is a Washington limited liability company. Plaintiff's headquarters and principal place of business are at 10901 176th Circle NE, #3602, Redmond, Washington 98052.

8. Defendant is the Chapter 7 debtor in the above-captioned case.

## FACTUAL BACKGROUND

9. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 8.

10. Plaintiff, McClellan Building LLC, was formed in February 2013 as the successor to McClellan Building Operating Company. For ease of reference, McClellan Building Operating Company and McClellan Building LLC are hereinafter referred to, interchangeably, as McClellan Building or Plaintiff.

11. Until October 2019 and at all relevant times prior thereto, McClellan Building owned real property located at 228 West North Bend Way, North Bend, Washington 98045 (the "**Premises**").

COMPLAINT FOR A DETERMINATION
EXCEPTING DEBT FROM DISCHARGE - 2

**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

115498602.2 0077128-00001

12. On February 10, 2009, McClellan Building and Trejin Holdings LLC entered into a commercial lease agreement for the Premises to be used as a restaurant with McClellan Building as landlord and Trejin Holdings as tenant (the "**Lease**").

13. In connection with the Lease, Trejin Holdings LLC's managing members, the Debtor and Oratai Tresl, submitted a written application and Intent to Lease proposal (the "**Application**") to McClellan Building to lease the Premises. In addition, the Debtor provided written documentation from the King County Department of Assessment showing several properties owned by the Debtor. In making its decision to lease the Premises to the Tresls, McClellan Building relied heavily on the Debtor's representation of having substantial assets.

14. The Debtor and Oratai Tresl also signed a personal guaranty of the Lease (the "**Guaranty**") on February 10, 2009. The Guaranty provided, among other things, that the Debtor unconditionally guaranteed the performance of all terms of the Lease, including payment of rent and other fees for the entire term of the Lease.

15. The Lease commenced on March 1, 2009, with a termination date of June 30, 2014.

16. By email dated June 21, 2010, the Debtor acknowledged that the Tresls did not have the ability to run the Lease tenant's business any longer. In that same email, the Debtor also acknowledged that the documentation and statements of assets he provided to McClellan Building as proof of his creditworthiness were actually owned by his father of the same name.

17. On August 23, 2010, with the consent of McClellan Building, the Lease was assigned from Trejin Holdings LLC to Rungapa Laoharoj doing business as Chang Thai Cuisine (the "**Assignment**").

18. The Assignment did not release the Debtor from liability on the Lease or the Guaranty. The Assignment expressly provided that the Guaranty remained in full force and effect.

19. On or about February 8, 2013, McClellan Building served Ms. Laoharoj a notice of termination of the assigned Lease due to her failure to pay $16,332.21 in rent and CAM charges. On that same day, Ms. Laoharoj vacated the Premises.

COMPLAINT FOR A DETERIMINATION
EXCEPTING DEBT FROM DISCHARGE - 3

115498602.2 0077128-00001

**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

20. Despite McClellan Building's best efforts, a replacement tenant was not secured prior to the Lease's expiration.

21. In June 2014, Plaintiff served the Debtor with a complaint filed in the King County Superior Court (the "**State Court**"), Case No. 15-2-26061-8 SEA, for breach of contract and monies due (the "**State Action**").

22. The State Action was referred to arbitration (the "**Arbitration**") and the Arbitration hearing took place on January 26, 2017.

23. After the Arbitration hearing, the arbitrator made an award (the "**Award**") in favor of Plaintiff against the Debtor in the total amount of $110,775.66, plus interest accruing on that amount at the Lease contract rate of 15% per annum beginning on January 26, 2017. On January 31, 2017, a copy of the Award was filed in the State Action on the docket of the State Court.

24. In the Award, the arbitrator:

> specifically finds that Defendant Jiri Tresl fraudulently misrepresented his creditworthiness to plaintiff's representatives, specifically: 1) Mr. Tresl represented that he owned several properties of significant value that were in fact owned by his father with the same name, 2) those representations were material to McClellan Building LLC in its decision to lease the subject property to Trejin Holdings LLC, in which Mr. Tresl was a principal, 3) those representations were false, 4) Mr. Tresl knew those representations were false, 5) Mr. Tresl intended that McClellan Building LLC would act on those representations, 6) McClellan Building LLC and its representatives were ignorant of the truth, 7) McClellan Building Co. relied upon the truth of the representations in making its decision to lease the property to Trejin Holdings LLC, 8) McClellan Building LLC was entitled to rely upon the representations of Jiri Tresl, and McClellan Building LLC was damaged as a result of the fraudulent misrepresentations made by Mr. Jiri Tresl.

*See* Award at 1. A true and correct copy of the Award is attached hereto as **Appendix A** and incorporated herein by reference.

25. On March 24, 2017, Plaintiff moved in the State Action for entry of judgment on the Award.

COMPLAINT FOR A DETERMINATION
EXCEPTING DEBT FROM DISCHARGE - 4

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

115498602.2 0077128-00001

26. On April 6, 2017, the State Court entered judgment (the "**Judgment**") in favor of Plaintiff consistent with the Award. A true and correct copy of the Judgment is attached hereto as **Appendix B** and incorporated herein by reference. The Judgment expressly acknowledged and found that "[t]he arbitration award found Defendant Jiri Tresl liable on the basis of fraud and breach of contract." *See* Judgment at 2.

27. As of the date hereof, no payment has been made on account of the Judgment and interest continues to accrue as provided thereunder.

28. On February 12, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above captioned related case (the "**Bankruptcy Case**"). Ronald G. Brown was appointed the Chapter 7 Trustee. The Debtor is an individual.

29. The Debtor's Schedule E/F filed in the Bankruptcy Case includes a nonpriority unsecured claim by Plaintiff in the amount of $186,881.58, presumably based on the Judgment. *See* Bankruptcy Case ECF No. 13 at 19.

## COUNT ONE: DEBTS OBTAINED BY FRAUD
## 11 U.S.C. § 523(a)(2)(B)

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. Plaintiff is a creditor of the Debtor by reason of the Award and the Judgment in favor of Plaintiff for the debt owed and owing under the Lease and the Guaranty.

32. The Debtor used and made statements, in writing, that were materially false respecting the Debtor's financial condition, on which Plaintiff reasonably relied, when the Debtor intentionally induced Plaintiff to enter into the Lease and the Guaranty by misrepresenting his creditworthiness when: (a) the Debtor submitted the Application and other written documentation from the King County Department of Assessment showing and representing to Plaintiff that the Debtor owned several properties of significant value that were in fact owned by his father with the

COMPLAINT FOR A DETERMINATION
EXCEPTING DEBT FROM DISCHARGE - 5

**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

115498602.2 0077128-00001

same name, (b) those representations were material to Plaintiff in its decision to lease the Premises to Trejin Holdings LLC, in which the Debtor was a principal, (c) those representations were false, (d) the Debtor knew those representations were false, (e) the Debtor intended that Plaintiff would act on those representations, (f) Plaintiff and its representatives were ignorant of the truth, (g) Plaintiff relied upon the truth of the representations in making its decision to lease the property to Trejin Holdings LLC, (h) Plaintiff was entitled to rely upon the representations of the Debtor, and (i) Plaintiff was damaged as a result of the fraudulent misrepresentations made by the Debtor. *See* Award at 1.

33. The Award and the Judgment were entered in favor of Plaintiff on account of the Debtor's fraudulent conduct, as set forth therein and as alleged above.

34. The debts for property and services obtained by the Debtor using statements in writing that were materially false respecting the Debtor's financial condition are not dischargeable under section 523(a)(2)(B) of the Bankruptcy Code.

35. The current debt owed by Debtor to Plaintiff is not less than $198,774.02; *plus*, pursuant the terms of the Lease, the Guaranty, the Award, and the Judgment, interest, fees, and costs continuing to accrue thereon (the foregoing amounts outstanding and accruing, collectively, the "**Debt**"), and such amounts, including the amounts accruing, are not dischargeable.

*[Remainder of page intentionally left blank.]*

COMPLAINT FOR A DETERIMINATION EXCEPTING DEBT FROM DISCHARGE - 6

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Determine that the Debt is nondischargeable under 11 U.S.C. § 523(a)(2)(B);
2. Grant Plaintiff interest, attorneys' fees, and costs to the maximum extent allowable by law; and
3. Grant such other and further relief that the Court deems just and proper.

DATED: May 13, 2022.

STOEL RIVES LLP

*/s/ Andrew H. Morton*
Andrew H. Morton, WSBA #49467
Email: andrew.morton@stoel.com
Telephone: 206.386.7543

*Attorneys for Plaintiff*
*McClellan Building LLC*

COMPLAINT FOR A DETERIMINATION
EXCEPTING DEBT FROM DISCHARGE - 7

**STOEL RIVES LLP**
600 University Street, Suite 3600
Seattle, WA 98101
*Telephone 206.624.0900*

115498602.2 0077128-00001

**Appendix A**

**<u>Arbitration Award</u>**

FILED
17 JAN 31 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-2-26061-8 SEA

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| McClellan Building LLC<br>**PLAINTIFF(S)**,<br>vs.<br>Rungapa Laoharoj; Trejin Holdings LLC, Jiri Tresl, and Oratai Kimborugh Tresl<br>**DEFENDANT(S)**. | NO.15-2-26061-8 SEA<br><br>**ARBITRATION AWARD**<br>**(Clerk's Action Required - ARBA)** |

**The arbitration hearing having taken place on January 26. 2017, I make the following award:**

Plaintiff McClellan Building LLC is awarded against defendant Jiri Tresl <u>only</u>, the following amounts:

1. The principal sum of $ 50,000.00
2. Interest per the lease agreement in the sum of $54,315.18 through January 26, 2017
3. Attorney fees per the lease agreement in the sum of $5,635.50
4. Costs totaling $824.98

Interest shall accrue at the contract rate of 15% per annum beginning on January 26, 2017 on the principal amount, attorney fees and costs.

The arbitrator specifically finds that Defendant Jiri Tresl fraudulently misrepresented his creditworthiness to plaintiff's representatives, specifically: 1) Mr. Tresl represented that he owned several properties of significant value that were in fact owned by his father with the same name, 2) those representations were material to McClellan Building LLC in its decision to lease the subject property to Trejin Holdings LLC, in which Mr. Tresl was a principal, 3) those representations were false, 4) Mr. Tresl knew those representations were false, 5) Mr. Tresl intended that McClellan Building LLC would act on those representations, 6) McClellan Building LLC and its representatives were ignorant of the truth, 7) McClellan Building Co. relied upon the truth of the representations in making its decision to lease the property to Trejin Holdings LLC, 8) McClellan Building LLC was entitled to rely upon the representations of Jiri Tresl, and McClellan Building LLC was damaged as a result of the fraudulent misrepresentations made by Mr. Jiri Tresl.

Twenty days after the award has been filed with the clerk, if no party has sought a trial de novo under MAR 7.1, any party, upon notice to all parties, may request an entry of final judgment on the Arbitration Award in the Ex Parte and Probate Department.

ARBITRATION AWARD - (12/21/2014)

**Was any part of this award based on the failure of a party to participate at the hearing?**
Yes__X____ (PLEASE EXPLAIN)   No_____ (MAR 5.4)

Mr. Tresl did not appear at the hearing to defend against Plaintiff's claims.

DATED: January 29, 2017          _____
                                 Kerry C. Lawrence    Arbitrator - WSBA # 8479

**E-FILE THE ORIGINAL TOGETHER WITH PROOF OF SERVICE ON THE PARTIES WITH THE CLERK'S OFFICE. You do not need to send a copy to the Arbitration Department.**

**NOTICE:** If no Request for Trial De Novo has been filed and judgment has not been entered within 45 days after this award is filed, the Clerk will notify the parties by mail that the case will be dismissed for want of prosecution.

**Appendix B**

**Judgment on Arbitration Award**



FILED
17 APR -6 AM 9:41
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE WA.

EXP01

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MCCLELLAN BUILDING LLC,

    Plaintiff,

vs.

RUNGAPA LAOHAROJ, TREJIN HOLDINGS LLC, AND JIRI TRESL AND ORATAI KIMBROUGH TRESL AS GUARANTORS,

    Defendants.

Case No.: 15-2-26061-8 SEA

ORDER ENTERING JUDGMENT ON ARBITRATION AWARD AND JUDGMENT

[CLERK'S ACTION REQUIRED]

## JUDGMENT SUMMARY

| | |
|---|---|
| Judgment Creditor: | McClellan Building LLC |
| Judgment Debtors: | Jiri Tresl |
| Attorney for Judgment Creditor: | Loeffler Law Group PLLC |
| Principal Judgment | $50,000.00 |
| Interest on Judgment: | $54,315.18 |
| Attorney's Fees: | $5,635.50 |
| Costs: | $824.98 |

**PRINCIPAL JUDGMENT, ATTORNEY'S FEES, AND COSTS SHALL BEAR INTEREST AT THE RATE OF 15% PER ANNUM UNTIL PAID IN FULL**

THIS MATTER having come on regularly for hearing before the Court on this date on the motion of Jeana K. Poloni and the Loeffler Law Group PLLC, the plaintiff's attorneys, and it appearing

ORDER ENTERING JUDGMENT ON
ARBITRATION AWARD AND JUDGMENT -
PAGE 1

LOEFFLER LAW GROUP PLLC
500 Union Street, Suite 1025
Seattle, WA 98101-2300
Phone: 206.443.8678 | Fax: 206.443.4545

that an arbitration award was filed with this court on January 31, 2017, and no request for trial de novo was timely filed, now therefore, finds the following relief is appropriate and granted:

1. The arbitration award found Defendant Jiri Tresl liable on the basis of fraud and breach of contract.

2. Plaintiff is awarded judgment against Defendant, Jiri Tresl, as set forth in the judgment summary above and consistent with the arbitration award.

Done in open court this ___ day of April, 2017.

KING COUNTY SUPERIOR COURT

_____
JUDGE/COURT COMMISSIONER

LOEFFLER LAW GROUP PLLC

_____
Jeana K. Poloni, WSBA No. 43172
Attorney for Plaintiff

I, BARBARA MINER, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and correct transcript of the original thereof as the same appears in my office and of the whole thereof. IN WITNESS WHEREOF, I have affixed this seal of said Superior Court at my office at Seattle on this date.

_____

BARBARA MINER Superior Court Clerk

By _____
Deputy Clerk

ORDER ENTERING JUDGMENT ON
ARBITRATION AWARD AND JUDGMENT -
PAGE 2

LOEFFLER LAW GROUP PLLC
500 Union Street, Suite 1025
Seattle, WA 98101-2300
Phone: 206.443.8678 | Fax: 206.443.4545

I BARBARA MINER Clerk of the Superior Court of the State of Washington for King County do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof IN TESTIMONY WHEREOF I have affixed this seal of said Superior Court at my office at Seattle on this date. APR 18 2017

BARBARA MINER Superior Court Clerk

By _____
Deputy Clerk

S. VIOLA VILLATURES